UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER GRIER,<br><br>             Plaintiff,<br><br>       vs.<br><br>MATTHEW CATE, et al.,<br><br>             Defendants. | 1:16-cv-00656-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.     BACKGROUND**

Alexander Grier ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2016, Plaintiff filed the Complaint commencing this action at the United States District Court for the Southern District of California. (ECF No. 1.) On May 10, 2016, the case was transferred to the Eastern District of California. (ECF No. 3.)

On June 6, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.)

1

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Complaint is now before the court for screening.

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.  SUMMARY OF COMPLAINT

Plaintiff is an African-American male presently incarcerated at the California Rehabilitation Center in Norco, California. The events at issue in the Complaint allegedly

occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Edmund G. Brown, Jr. (Governor of California), Matthew Cate (Secretary, CDCR), Jeffrey Beard (current Secretary, CDCR), and P.D. Brazelton (Acting Warden, PVSP) (collectively, "Defendants").

Plaintiff alleges as follows. In January 2009, Plaintiff was transferred to PVSP, an area known to contain the hyperendemic Valley Fever disease. Defendants knew of the substantial risk of serious harm to Plaintiff. On March 1, 2013, the federal receiver issued a directive for PVSP to transfer all inmates who were at high risk of contracting Valley Fever, also known as coccidoidmycosis. Due to racial discrimination, Plaintiff did not qualify as a person at high risk for contracting Valley Fever under the criteria used, which targeted inmates with HIV, lymphoma, organ transplant, chronic lung disease, and cancer. Plaintiff's transfer was delayed for almost two years. Due to Defendants' intentional racial discrimination, Plaintiff was not seen for review on October 2, 2013 or June 4, 2014, due to administrative error.

On January 12, 2015, Plaintiff was given a skin test for Valley Fever. A follow-up was conducted on January 14, 2015, and Plaintiff's test results came back positive for exposure to Valley Fever. Each Defendant knew that African-American inmates at PVSP and Avenal State Prison were nine times more likely to develop chronic disseminated coccidoidmycosis than their white counterparts, and they either intentionally or negligently failed to take action to protect Plaintiff.

Plaintiff seeks monetary damages.

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A.  **Supervisory Liability**

All of the Defendants named by Plaintiff hold supervisory positions. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act

4

to prevent them.  There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B.     Racial Discrimination -- Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974)(citation omitted).

Plaintiff's claim for racial discrimination by Defendants under the Equal Protection Clause fails.  Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his race, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Mere conclusory statements, such as "due to racial discrimination" do not suffice.

///

///

**C.     Safe Conditions of Confinement – Eighth Amendment – Valley Fever**

Plaintiff alleges that Defendants knew that African-Americans have a greater chance of contracting Valley Fever, yet they allowed Plaintiff to remain at PVSP, where he was exposed to Valley Fever.

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer, 511 U.S. at 847 (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling, 509 U.S. at 35.

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Id. (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

Plaintiff has failed to sufficiently allege that any of the Defendants knew of a risk of harm and failed to prevent it. Plaintiff alleges that Defendants should not have allowed him, an African-American inmate, to remain at PVSP. Plaintiff provides no factual allegations for the court to infer that any of the Defendants were aware that Plaintiff was at substantial risk of

serious harm if he were not transferred away from PVSP.  Plaintiff must plausibly allege that Defendants exhibited deliberate indifference in taking, or failing to take, the alleged actions. See Lua v. Smith, 2015 WL 1565370 (E.D. Cal. 2015).

While the Court recognizes that the exact circumstances required to state a claim under the Eighth Amendment based on Valley Fever exposure are not clear, it is well settled that exposure to, and contraction of, Valley Fever while housed at an endemic institution are not, by themselves, sufficient to state a claim under the Eighth Amendment. In other words, the premise that the location of PVSP is so inherently dangerous due to the presence of Valley Fever cannot support a constitutional violation.  See Hines v. Youssef, 2015 WL 164215, at *4 (E.D. Cal. 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); accord Williams v. Biter, 2015 WL 1830770, at *3 (E.D. Cal. 2015).  This premise is unacceptable where free citizens residing in the surrounding areas tolerate this increased risk, regardless of race or medical condition.  "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk of exposure to Coccidioides immitis spores," and "[u]nless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate."  Hines, at *4.

For the reasons discussed above, Plaintiff's allegations are speculative, at best, and do not state an Eighth Amendment claim against any Defendant.  Plaintiff shall be granted leave to amend the Complaint to cure the deficiencies in his claims found by the court.

**D.     Negligence -- State Law Claim**

Plaintiff brings a claim for negligence, which is a state law claim.  Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983.  Section 1983 does not provide a cause of action for violations of state law.  See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga

University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's negligence claim fails.

## V.   CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court will dismiss the Complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-00656-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within 30 days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 6, 2017**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE